IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 01-132-1 |
| | ) |
| CURTIS M. HARPER, JR. | ) |

ORDER OF COURT

AND NOW, this 21st day of May, 2012, upon due consideration of defendant Curtis Harper's *pro se* motion for early termination of supervised release (Document No. 64) and the government's response in opposition (Document No. 66), and the court, after having considered the factors set forth in 18 U.S.C. §3553(a), being satisfied that termination of supervised release is not warranted by the conduct of defendant or the interest of justice, IT IS ORDERED that defendant's motion be, and the same hereby is, **denied**.

On November 20, 2001, defendant pled guilty to a one-count Indictment charging him with conspiracy to distribute and to possess with intent to distribute cocaine base. On January 29, 2002, defendant was sentenced to a term of imprisonment of 120 months, to be followed be a term of supervised release of 5 years. On July 10, 2009, defendant was released to commence his term of supervised release. Defendant now seeks early termination of his supervised release, which currently is not set to expire until July 9, 2014.

Pursuant to 18 U.S.C. §3583(e)(1), the court may, after considering the factors set forth in §3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if the court is satisfied that termination is warranted by the conduct of the defendant and the interest of justice.

Upon consideration of the factors set forth in §3553(a), the court finds that early termination of supervised release is not warranted in this case. In imposing defendant's particular sentence, the court considered the §3553(a) factors and arrived at a sentence which was sufficient, but not greater than necessary to comply with the purposes of sentencing. The five-year term of supervised release imposed plays an integral part in achieving those purposes and, in the court's view, early termination of supervised release would result in a sentence that would not be sufficient to comply with the sentencing factors set forth in §3553(a) and would not serve the interest of justice, particularly since defendant has not yet served 3 full years of his 5-year term.

Accordingly, defendant's *pro se* motion for early termination of supervised release is denied.

_____
Gustave Diamond
United States District Judge

2

AO 72
(Rev. 8/82)

cc: Gregory J. Nescott
    Assistant U.S. Attorney

    Curtis M. Harper, Jr.

    Eric Lawson
    United States Probation Officer